

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2003

# USA v. Morgan

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Morgan" (2003). *2003 Decisions*. Paper 456.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/456

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-2500 & 02-2530

_____

UNITED STATES OF AMERICA

v.

JOSLYN A. MORGAN

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 01-cr-242-01)
District Judge: Honorable Jay C. Waldman
_____

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2003

Before: MCKEE, SMITH, *Circuit Judges*, and HOCHBERG,
*District Judge**.

(Filed June 16, 2003)

_____

OPINION OF THE COURT
_____

---

* Hon. Faith Hochberg, United States District Court for the District of New Jersey, sitting by designation.

SMITH, *Circuit Judge*.

This is an appeal by the defendant Josyln A. Morgan from his sentence in a criminal case. Following Morgan's plea of guilty to three counts of an indictment for conspiracy to distribute cocaine and possession of cocaine with intent to distribute, and upon recommendation of the Government, the District Court granted Morgan a downward departure from the statutorily mandated minimum sentence of 20 years. The District Court then sentenced Morgan to a prison term of eight years. Morgan's counsel, Christopher D. Warren, Esq., filed a notice of appeal. However, Mr. Warren now seeks to withdraw, filing a brief in support of this motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mr. Warren represents that he has carefully reviewed the entire record and has discovered no reasonable or non-frivolous avenue of appeal. Furthermore, Morgan has not filed a *pro se* brief making any additional arguments. Faithful to the requirements we have imposed in such situations, *see United States v. Marvin*, 211 F.3d 778 (3d Cir. 1999), we believe Mr. Warren has attempted to uncover the best possible arguments for his client. We are satisfied that he has fulfilled his *Anders* obligations, and agree with his assessment of any appeal issues.

Defendant Morgan was arrested after selling two kilograms of cocaine to a Government informant. During that buy, the informant, who was wearing a body wire, recorded Morgan stating that future deliveries would be made by an associate, but that Morgan would continue to oversee the operation. A search of Morgan's apartment after

2

his arrest uncovered an additional half-pound of cocaine. Morgan had previously been convicted of a felony drug offense in 1984, and he was still on supervised release for that offense at the time of his arrest. Morgan entered into a cooperation agreement with the Government and provided information to the Government concerning the activities of a co-defendant, resulting in a guilty plea by that individual, and provided other information to representatives from the New Jersey Attorney General's Office relevant to investigations that office was then conducting.

At his sentencing, Morgan made two *pro se* objections to the PSI. The first of these was withdrawn once Morgan conceded that, although his 1984 conviction was more than fifteen years old, he was not released from prison until November 13, 1993, and the present offense was committed within 15 years of that date. Morgan's criminal history category was thus properly calculated. Morgan also withdrew his second objection, which related to the two-level enhancement that Morgan received for supervising the activities of his associate and co-defendant. Morgan agreed that the statements and actions recorded by the Government's informant subjected him to that enhancement. No other objections were made.

As noted, the District Court granted Morgan a 12-year downward departure from the minimum term prescribed for his offense and a 39-month downward departure from the minimum term prescribed by the guidelines. The record confirms that, in doing so, the District Court sufficiently considered the factors set forth in the U.S. Sentencing

Guidelines Manual § 5K1.1. Thus, this Court lacks jurisdiction to review the sentence imposed by the District Court. *United States v. Torres*, 251 F.3d 138, 151-52 (3d Cir. 2001). For similar reasons, we agree that there is no conflict with *Apprendi v. New Jersey*, 530 U.S. 466 (2000); the sentence imposed was not in excess of the maximum penalty permitted by law for Morgan's crime.

Finally, the increase of Morgan's base offense level for the management or supervision of his co-defendant likewise provides no meaningful basis for appeal. We are satisfied that Morgan's statements to the Government's informant were more than sufficient to justify the finding on that adjustment. Any appeal on those grounds would have amounted to no more than "make weight" under these circumstances.

The judgment of the District Court will be affirmed. Counsel's request to withdraw is granted. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

 D. Brooks Smith 
Circuit Judge

4